## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANTHONY HARMS AND MICHAEL TUTTLE,** **on behalf of themselves and others similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) | **No. 24-2452-KHV** |
| | ) | |
| **SYSCO KANSAS CITY, INC.,** | ) ) | |
| **Defendant.** | ) ) | |
| | ) | |

## MEMORANDUM AND ORDER

On April 18, 2025, defendant filed a memorandum in opposition to plaintiffs' motion to file an amended complaint. Defendant's Memorandum In Opposition To Plaintiffs' Motion For Leave To File Their Proposed First Amended Complaint (Doc. #26). Defendant sought to file under seal, as exhibits to its memorandum in opposition, excerpts of two collective bargaining agreements ("CBAs"). Defendant's Unopposed Motion For Placement Of Certain Confidential Information Under Seal (Doc. #32) filed April 25, 2025. On April 28, 2025, Magistrate Judge Teresa J. James granted defendant's motion to seal. Order (Doc. #33). On May 5, 2025, the Court ordered the parties to show good cause why the Court should not (1) vacate the Order (Doc. #33), which granted defendant's unopposed motion to seal and (2) unseal Exhibits A and B (Doc. #27) to Defendant's Memorandum In Opposition To Plaintiffs' Motion For Leave To File Their Proposed First Amended Complaint (Doc. #26). Order To Show Cause (Doc. #37). This matter is before the Court on Plaintiff's Response To Order To Show Cause (Doc. #44) filed May 13, 2025 and Defendant's Response To Order To Show Cause (Doc. #48) filed May 16, 2025. For reasons stated below, the parties have not shown good cause why the Court should not vacate the

order which granted defendant's unopposed motion and unseal the exhibits.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant seeks to seal the excerpts of two CBAs because they contain "confidential negotiated terms of employment" for a certain group of unionized employees.[1] Defendant's Response To Order To Show Cause (Doc. #48) at 2. Specifically, defendant states that the agreements include detailed information how Sysco compensates certain unionized employees, including (1) past, current and future wage rates for various positions; (2) wage progressions for new hires; and (3) a variety of premium or bonus pay programs. Id. (terms also include

---

[1]    Defendant seeks to seal all 19 pages of the excerpts of the agreements: nine pages from an agreement effective June 13, 2019 through June 12, 2024 and 10 pages from an agreement effective June 13, 2024 through June 12, 2029.

information on work hours, training and performance guidelines). Defendant argues that public disclosure of the agreements would put it at a "competitive disadvantage" with employers in the same industry or with comparable operations in the area because such employers could leverage information in the agreements to recruit Sysco employees. Id. Defendant has not shown that competitors cannot otherwise access information in the CBAs about salary and work requirements. The Court recognizes that the public and competitors may have easier access to this information if the agreements are not sealed. Even so, based on the present record, defendant's fear that a competitor could exploit such information is speculative. On balance, defendant has not shown how its interests in making it more difficult for competitors to access the information outweighs the public interest in access to the materials that form part of the basis of this lawsuit.[2] See Colony Ins., 698 F.3d at 1242.

Defendant maintains that the CBAs contain confidential financial information, but it fails to explain why limited redaction would not protect it from potential injury. The CBAs are replete with boilerplate and general language that appears to contain no confidential information.[3]

---

[2]    Defendant notes that the National Labor Relations Board recognizes that parties to CBAs have a legitimate interest in maintaining confidentiality of the strategy and results of their collective bargaining efforts. Defendant's Response To Order To Show Cause (Doc. #48) at 3. Defendant cites no authority for the proposition that final CBAs should remain confidential. Cf. Boise Cascade Corp. & United Paperwork Int'l Union, Local No. 900, 279 NLRB 422, 432 (1986) (in arbitration of union grievance, union not entitled to historical overview of company's negotiations and future negotiating strategy); Berbiglia, Inc. & Retail Store Employees' Union, Local 782, 233 NLRB 1476, 1495 (1977) (subpoenas for "crucial material regarding *pending* union negotiations") (emphasis added). In any event, on this record, defendant has not shown that its interest in confidentiality of the CBAs outweighs the public interest in access to the information.

[3]    See, e.g., Collective Bargaining Agreement (Doc. #27) filed April 18, 2025 at 1 (recognition of union as exclusive bargaining agent, requirement that employees be union members, non-discrimination provision); id. at 2 (management rights); id. at 2 (definition of

(continued. . .)

Because defendant offers no alternative to sealing the entire exhibits, the Court declines to conduct a line-by-line analysis and speculate whether defendant has an interest in non-disclosure of specific information which outweighs the public's right of access.  See United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").  On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). Therefore, the Court overrules defendant's motion to keep the CBAs under seal.

**IT IS THEREFORE ORDERED** that the Order (Doc. #33) filed April 28, 2025, which granted Defendant's Unopposed Motion For Placement Of Certain Confidential Information Under Seal (Doc. #32) filed April 25, 2025 is **VACATED**.  The Clerk is directed to unseal Exhibits A and B (Doc. #27) to Defendant's Memorandum In Opposition To Plaintiffs' Motion For Leave To File Their Proposed First Amended Complaint (Doc. #26).

Dated this 28th day of May, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3](. . .continued)
normal work week); id. at 4 (when employees are paid); id. at 5 (company right to establish plan for additional remuneration); id. at 10–11 (procedure for grievances/arbitration); id. at 12 (employee agreement to abide by posted rules and regulations).