IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY HARMS and MICHAEL TUTTLE,
on behalf of themselves and other similarly
situated,

        Plaintiffs,

v.

SYSCO KANSAS CITY, INC.*,*

        Defendant.

Case No. **24-cv-2452-KHV-TJJ**

## **MEMORANDUM AND ORDER**

Plaintiffs bring this putative collective action arising under the Fair Labor Standards Act ("FLSA")[1] for recovery of unpaid wages. This matter is before the Court on Plaintiffs' Motion for Leave to File Their Proposed First Amended Complaint (ECF No. 20). Defendant opposes the motion as futile. As explained below, Plaintiffs' motion is granted.

**I.    Legal Standards Governing Amendment of the Pleadings**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[2] Other amendments are allowed "only with the opposing party's written

---

[1] 29 U.S.C. § 201 *et. seq*.

[2] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

consent or the court's leave."[3] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[7] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim for relief that is plausible on its face.[8] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[9] It does not matter how likely or

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[6] *Id.* (quoting *Foman*, 371 U.S. at 182).

[7] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[8] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

unlikely the party is to actually receive such relief, because for the purposes of determining whether to dismiss, all allegations are considered to be true.[10] The party opposing the proposed amendment bears the burden of establishing its futility.[11]

## II.     Discussion

Plaintiffs request leave to amend their complaint to: (1) add factual allegations supporting their existing FLSA Claim (Count I) to recover unpaid overtime wages; (2) modify the definition of the proposed collective action class to include "contracted" employees who performed the same or similar job duties, and (3) add claims for unjust enrichment (proposed Count II) and claims for violation of the Kansas Wage Payment Act[12] ("KWPA") (proposed Count III). Plaintiffs' motion is timely but Defendant does not consent to the proposed amendments so leave of court is required under Rule 15(a)(2).

Defendant raises futility arguments opposing Plaintiffs' proposed amendments to modify the proposed class definition and to add the unjust enrichment and KWPA claims. It argues Plaintiffs' proposed amendment of the proposed class definition to add "contracted employees who performed the same or similar job duties as Order Selectors" is futile because the FLSA and KWPA only apply to "employees." Defendant also argues Plaintiffs' proposed state law KWPA and unjust enrichment claims are preempted by Section 301 of the Labor Management Relations

---

[10] *Id.* at 556.

[11] *See U.S. Bank Nat'l Ass'n v. Multi Serv. Corp.*, No. 15-CV-7502-EFM-KGS, 2015 WL 9272846, at *2 (D. Kan. Dec. 1, 2015) ("The party opposing the amendment has the burden to show the basis for denial.").

[12] K.S.A. 44-313 *et seq*.

3

Act ("LMRA") because Plaintiffs are collective bargaining unit members and their employment relationship is governed by two collective bargaining agreements.

Plaintiffs argue in their reply (ECF No. 47) that the Court should decline to consider the collective bargaining agreements because they are neither attached to, nor referenced in any way whatsoever in their proposed amended complaint. The Court agrees. The Court's futility analysis is the same as for ruling on a motion to dismiss for failure to state claim.[13] In assessing whether a plaintiff has stated a claim for relief, the Court must restrict its review to only the "allegations within the four corners of the complaint," and cannot consider other pleadings or external allegations.[14] Exceptions to this rule are limited to: "(1) documents attached to the complaint as exhibits, (2) documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed, and (3) matters subject to judicial notice."[15]

The Court's futility analysis regarding whether Plaintiffs' proposed unjust enrichment and KWPA claims are preempted by the LMRA would require the Court to consider documents that are not attached to the complaint as exhibits or referenced in the complaint as central to Plaintiffs' claims. More specifically, Defendant's futility arguments would require the Court to review and consider excerpts from two collective bargaining agreements, which Defendant contends apply to Plaintiffs and others in similar positions. However, these collective bargaining agreements are not attached to or referenced in Plaintiffs' complaint or their proposed First Amended Complaint. As the Court applies the same standard here as for a motion to dismiss for failure to state a claim, the

---

[13] *Collins*, 245 F.R.D. at 507.

[14] *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

[15] *Id.* at 1264.

Court must restrict its review to the complaint and it cannot consider other pleadings not attached to or referenced in the complaint when analyzing whether amendment of the complaint would be futile.[16] Because the Court cannot consider the collective bargaining agreement excerpts upon which Defendant relies, the Court rejects Defendant's futility argument regarding Plaintiffs' proposed unjust enrichment and KWPA claims and finds Plaintiffs should be granted leave to amend to add these claims.

With respect to Plaintiffs' proposed addition of other factual allegations related to their existing FLSA claim, Defendant does not make a futility argument or otherwise oppose the requested amendment. For example, Plaintiffs seek to add the dates of separation and update the pay rates for Plaintiffs Harms and Tuttle.[17] This amendment is relevant and necessary to Plaintiffs' existing FLSA claim. The Court finds Plaintiffs should be granted leave to add the proposed factual allegations supporting their FLSA claim.

Because the Court is granting Plaintiffs leave to amend to add their FLSA-related factual allegations and their proposed new unjust enrichment and KWPA claims, the Court finds it will be more expedient and efficient, consistent with Fed. R. Civ. P. 1, to allow Plaintiffs to file their

---

[16] *See Croyder v. Hetley*, No. 16-2761-JAR-JPO, 2017 WL 2958452, at *4 (D. Kan. July 11, 2017) ("[C]ourts at the motion to dismiss stage (or in analyzing whether a proposed amended complaint is futile) 'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"); *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 767 (S.D.N.Y. 2018) ("[I]n ruling on a motion to dismiss, or applying that same standard to determine whether amendment of a complaint would be futile, the Court must 'limit itself to facts state[d] in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'") (citations omitted).

[17] *See, e.g.,* Proposed First Am. Compl. for Damages (ECF No. 20-1) ¶¶ 4, 7, 9–11, 24, 29.

First Amended Complaint with *all* their requested amendments, including the proposed modification of the proposed class definition.[18]

Under the circumstances presented in this case, including the early Phase I stage of the case and the timely filing of the motion to amend before the Phase I Scheduling Order deadline, the Court finds Plaintiffs should be afforded the opportunity to amend their complaint to assert the additional factual allegations supporting their existing FLSA claim and all other amendments requested. Defendant will suffer no undue prejudice from allowing the requested amendment as it can file a dispositive motion after Plaintiffs file their First Amended Complaint for Damages.[19] Additionally, futility determinations such as this one are better left decided by the district judge "in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)."[20] Pursuant to Rule 15(a)(2)'s dictate that the Court freely give leave to amend "when justice so requires," and consistent with Rule 1, the Court grants Plaintiffs' request for leave to file their proposed First Amended Complaint for Damages.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Their Proposed First Amended Complaint (ECF No. 20) is granted. Plaintiffs are granted leave to file the proposed

---

[18] *See Tommey v. Computer Scis. Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012) ("When the party opposing an amendment only relies on futility of amendment and the deadline for filing motions to dismiss has not passed, the Court may properly exercise its discretion to simply allow the entire amended complaint").

[19] If Defendant files a motion for summary judgment, Plaintiffs would be permitted to file a much longer 40-page response rather than being limited to a 5-page reply to the futility arguments raised in Defendant's response to Plaintiffs' motion to amend. D. Kan. Rule 7.1(d)(3).

[20] *Moore v. Hebert*, No. 23-CV-2385-JAR-TJJ, 2024 WL 521762, at *2 (D. Kan. Feb. 9, 2024). *See also Tommey*, 2012 WL 646022, at *2 (finding it better to allow the plaintiffs in an FLSA case to file their second amended complaint and decide the legal sufficiency of the allegedly futile claims for unjust enrichment, breach of contract, and violations of KWPA on a dispositive motion).

First Amended Complaint for Damages, attached to their motion (ECF No. 20-1), and shall do so by **July 7, 2025**.

    **IT IS SO ORDERED**.

    Dated June 30, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge